UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>600 14th Street, NW<br>Fifth Floor<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>2707 Martin Luther King Jr. Ave., SE<br>Washington, DC 20528<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th Street, SW<br>Washington, DC 20536<br><br>*Defendants.* | Civil Action No.: 21-2168 |

# COMPLAINT

1. Plaintiff America First Legal Foundation ("AFL") brings this action against Defendants U.S. Department of Homeland Security ("DHS") and its component, U.S. Immigration and Customs Enforcement ("ICE") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. The Biden Administration has issued multiple memoranda directing immigration policy changes, including a January 20, 2021 memorandum from then-Acting Secretary Dave Pekoske. *See* Dep't of Homeland Security, *Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities* (Jan. 20, 2021) (the "Pekoske Memo."),

available at https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf. (attached as Exhibit A).

3. In execution of the Pekoske Memo, on February 18, 2021, ICE's Acting Director, Tae Johnson, issued a Memorandum for all ICE employees titled "Interim Guidance: Civil Immigration Enforcement and Removal Priorities." ICE Policy Number 11090.1, U.S. Immigration and Customs Enforcement, *Interim Guidance: Civil Immigration Enforcement and Removal Priorities* (Feb. 18, 2021) (the "Johnson Memo."), available at https://policeissues.org/ICE%20memo%20021821.pdf (attached as Exhibit B).

4. The Johnson Memo. detailed three priority categories of removable aliens and implemented a requirement that any alien ICE sought to remove who did not fit into one of these categories needed "preapproval" from a Field Office Director or a Special Agent in Charge.

5. The Johnson Memo. also instituted a reporting requirement for two weekly reports that would be reviewed by the Acting Director and made available to the Secretary of Homeland Security. *See* Johnson Memo. at 7.

6. Specifically, it required:

Each Friday, the Executive Associate Directors for Enforcement and Removal Operations and Homeland Security Investigations will compile and provide to the Office of the Director, the Office of the Deputy Director, and the Office of Policy and Planning (OPP), a written report: (1) identifying each enforcement action taken in the prior week, including the applicable priority criterion, if any; (2) providing a narrative justification of the action; and (3) identifying the date, time, and location of the action.

In addition, each Friday the Executive Associate Director for Enforcement and Removal Operations will provide to the Office of the Director, the Office of the Deputy Director, and OPP, a written report: (1) identifying each removal in the prior week, including the applicable priority criterion, if any; (2) providing a narrative justification of the removal; and (3) identifying the date, time, and location of the removal.

>These reporting requirements will be assessed periodically during this interim period to ensure that they are both productive and manageable.
>
>The weekly reports will be made available to the Office of the Secretary.

*Id.*

7. The Johnson Memo. was "effective immediately" upon issuance. *Id.* at 1.

8. Upon information and belief, the first report was due Friday, February 26, 2021, and certainly no later than Friday, March 5, 2021.

9. The report includes the total number of interior enforcement actions and removals being completed by ICE. This information can be compared to historical data to reveal what ICE is doing—or not doing—at the direction of new political leadership on a matter of critical importance to the nation.

10. On May 18, 2021, AFL filed a FOIA request with ICE requesting, among other things, the weekly reports required by the Johnson Memo. *See* Exhibit C.

11. As of the date of this filing, AFL has not received any records responsive to this request.

12. These reports, which are being submitted weekly to political leaders, show whether, and to what extent, the Biden Administration is enforcing our immigration laws, protecting our borders, and keeping Americans safe during the COVID-19 pandemic. There is a massive crisis on our southern border and the requested information, once made public, will provide critical insight, and demonstrate in starkly empirical terms the real-life effects of the Biden Administration's policy decision to not enforce the Immigration and Nationality Act.

13. As Justice Thurgood Marshall wrote, "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against

corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

14. Due to the political sensitivity of the requested records, and based on AFL's knowledge and belief of the Biden Administration's operating procedures with respect to processing FOIA requests from non-ideologically aligned requestors, including, for example, the aggressive assertion of "White House Equities" and the over-application of deliberative process privilege, AFL is concerned DHS and/or ICE political officials may be overseeing, supervising, and/or delaying the processing of AFL's request to keep the facts from public exposure and to prevent public scrutiny of controversial Biden Administration policies.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

16. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

17. AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public. All of the records produced by Defendants will

be made publicly available on AFL's website for citizens, journalists, and scholars to review and use. AFL's principal office is located in the District of Columbia.

18. DHS is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and has possession and control of the records AFL seeks.

19. ICE is a component agency of DHS and has possession and control of the records AFL seeks.

## STATEMENT OF FACTS

20. On May 18, 2021, AFL submitted a FOIA request to ICE seeking various records, including these weekly reports. *See* Exhibit C.

21. In its May 18, 2021, request, AFL requested:

   a. All "written reports" referred to in the subsection titled "Weekly Reporting of All Enforcement And Removal Actions" on page 7 of a memorandum from Tae D. Johnson to "All ICE Employees" with a subject line of "Interim Guidance: Civil Immigration Enforcement and Removal Priorities" (Feb. 18, 2021) (the "Interim Guidance"), whether the reports be termed "Reports", "Summaries", "Rollups", or otherwise. The timeframe for this request is February 18, 2021 to the date of production of the requested records.

   b. All records, including, but not limited to, electronic mail, texts, memoranda, and handwritten notes, of, regarding, referring, or relating to the Interim Guidance from, to, or in the possession of each of the following [ICE] components:

      i. Office of the Director of ICE
      ii. Office of the Deputy Director
      iii. Office of Policy and Planning
      iv. Office of the Executive Associate Director, Enforcement and Removal Operations
      v. Office of the Executive Associate Director, Homeland Security Investigations
      vi. Office of the Principal Legal Advisor
      vii. Office of the Executive Associate Director, Management and Administration

      The timeframe for this request is January 20, 2021, to date of production of the requested records.

    c. All records, including, but not limited to electronic mail, texts, memoranda, and handwritten notes, of, regarding, referring, or relating to the interim civil immigration enforcement and removal priorities described in a memorandum issued by Acting Secretary Pekoske and titled "Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities" (Jan. 20, 2021) (the "Priorities Memo") within the possession if ICE. The timeframe for this request is January 20, 2021, to the date of production of the requested records.

22.    AFL submitted its FOIA request to ICE by e-mail, sending it to ICE-FOIA@dhs.gov on May 18, 2021. *See* Exhibit C.

23.    On May 19, 2021, AFL received an e-mail from ICE acknowledging receipt of the FOIA request and assigning it reference number 2021-ICFO-35173. *See* Exhibit D.

24.    On May 19, 2021, AFL received an e-mail from ICE stating that the request's status was updated to "Received." *See* Exhibit E.

25.    On May 22, 2021, AFL received an e-mail from ICE stating that ICE was "invoke[ing] a 10-day extension for your request," based on "the increasing number of FOIA requests received by this office[.]" *See* Exhibit F.

26.    In its May 22, 2021, correspondence, ICE also acknowledged AFL's status as an educational requester.

27.    After hearing nothing further from ICE, on July 8, 2021, AFL sent a message to ICE through DHS's Public Access Portal requesting an update on the status of its FOIA request.

28.    AFL did not receive a response to its July 8, 2021, request for a status update.

29.    On July 16, 2021, AFL sent an e-mail to ICE requesting a status update on the processing of its May 18, 2021, request. *See* Exhibit G.

30.    On July 22, 2021, AFL received an e-mail from ICE stating that the FOIA request was "In Process." *See* Exhibit H.

31. As of the date of this Complaint, Defendants have issued no substantive response to AFL's FOIA request.

32. Additionally, as of the date of this Complaint, DHS's Public Access Portal states that AFL's request is "In Process" with an estimated delivery date of June 22, 2021.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

33. AFL incorporates paragraphs 1–32 as if set forth fully herein.

34. Defendants are agencies of the federal government within the meaning of 5 U.S.C. § 552(f).

35. By letter dated May 18, 2021, AFL submitted a FOIA request to ICE.

36. AFL's FOIA request complied with all applicable statutes and regulations.

37. The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

38. ICE has failed to respond to AFL's request within the statutory time-period. *See* 5 U.S.C. § 552(a)(6).

39. Accordingly, AFL has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

40. By failing to release any responsive, non-exempt records, or otherwise offer a reasonable schedule for production, Defendants have violated FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, AFL respectfully requests that this Court:

i. Declare that the records sought by the request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

      ii.      Order Defendants to conduct searches immediately for all records responsive to AFL's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records.

      iii.     Order Defendants to produce by a date certain all non-exempt records responsive to AFL's FOIA request.

      iv.     Award AFL attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

      v.      Grant AFL such other and further relief as this Court deems proper.

August 13, 2021

Respectfully submitted,

*/s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel.: 202.787.1060
E-mail: bfield@schaerr-jaffe.com

REED D. RUBINSTEIN
D.C. Bar No. 400153
AMERICA FIRST LEGAL FOUNDATION
600 14th Street, N.W.
Fifth Floor
Washington, D.C. 20005
Tel.: (202) 964-3721
E-mail: reed.rubinstein@aflegal.org

*Counsel for Plaintiff America First Legal*